```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA W. WILEY,                    :
                                  :
     Plaintiff                    :
                                  :   CIVIL NO. 1:CV-05-0054
     vs.                          :
                                  :   (Judge Caldwell)
SUPER SHANNON, et al.,            :
                                  :
     Defendants                   :
```

*M E M O R A N D U M*

*I.   Introduction.*

On April 15, 2005, the Court reviewed Wiley's Amended Complaint and dismissed all but Wiley's excessive-force claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Wiley, however, was given the opportunity to amend his access-to-the-courts claim to remedy the defect in the actual-injury element of that claim.  On April 27, 2005, Wiley filed a "Memorandum Order" (doc. 19) in which he asks the Court to substitute for pages 6 though 9 of his Amended Complaint (doc. 15) his recent submission in an effort to remedy the defect of his access-to-the-courts claim.

-1-

*II.   Discussion*.

Initially we note that Wiley was previously advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Wiley's recent submission does not fulfill this requirement and therefore it will not be accepted.  However, Wiley is not prejudiced by this decision as the Court considered the *pro se* nature of the submission and found, upon review, that Wiley's proposed amendments do not cure the fatal defect in his access-to-the-courts claim.

Wiley claims that his legal materials were lost somewhere in the transfer process between SCI-Frackville and the Lackawanna County Prison.  Wiley, per our order of April 15, 2005, was advised that in order to assert a viable access-to-the-courts claim, he must plead that he suffered an actual injury as a result of defendants' actions.  He was instructed as to what the "actual injury" requirement means, i.e. that he suffered some concrete negative effect on his ability to seek judicial redress, either in pursuing an existing nonfrivolous lawsuit or in the loss of the opportunity to pursue one at all.  *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606, 618 (1996).

The proffered substitute pages do not aver that Plaintiff suffered an "actual injury" in any existing or planned legal proceeding as a result of the alleged misplacement of his legal materials.  Therefore, the Court will dismiss his access-to-the-courts claim, and direct service of the amended complaint (doc. 15), and our previous order (doc. 18) with instructions that defendants limit their response to the sole remaining claim, Wiley's Eighth Amendment excessive-force claim stemming from the September 25, 2001, incident and lodged against the following defendants: FBI Agent Glenn, US Marshall Galaida, Capt. Durant, Lt. Dusel, Lt. Kneal, Sgt. Stelier, and CO Krauss.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 5, 2005

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DANA W. WILEY,                      :
                                    :
    Plaintiff                       :
                                    :   CIVIL NO. 1:CV-05-0054
    vs.                             :
                                    :   (Judge Caldwell)
SUPER SHANNON, *et al.*,            :
                                    :
    Defendants                      :

*O R D E R*

AND NOW, this 5th day of May, 2005, for the reasons set forth in the accompanying Memorandum, IT IS ORDERED THAT:

   1. Wiley's access-to-the-courts claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as are the defendants who are named in that claim.

   2. The sole remaining claim in this action is the Eighth Amendment excessive-force claim stemming from the September 25, 2001, incident and lodged against the following defendants: FBI Agent Glenn, US Marshall Galaida, Capt. Durant, Lt. Dusel, Lt. Kneal, Sgt. Stelier, and CO Krauss.

   3. The United States Marshal is directed to serve plaintiff's amended complaint (doc. 15) on the defendants named in paragraph 2 of this Order.

   4. The United States Marshal is also directed to serve a copy of this Order and

>corresponding Memorandum as well as the
>Court's April 15, 2005, Memorandum and Order
>(docs. 11 and 12) on the identified
>defendants.

<u>/s/William W. Caldwell</u><br>
William W. Caldwell<br>
United States District Judge